FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Brunswick, Georgia
By jbergen at 4:22 pm, Aug 18, 2015

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Brunswick Division

| | |
|---|---|
| IN RE: SHARON M YAWN )<br>)<br>Debtor )<br>_____) | CHAPTER 7 CASE<br>NUMBER <u>15-20200</u> |
| SHARON M YAWN )<br>)<br>Debtor/Movant )<br>)<br>v. )<br>)<br>AMANDA LAWSON )<br>)<br>Objecting Creditor ) | |

## OPINION AND ORDER GRANTING MOTION TO AVOID JUDGMENT LIEN

Pursuant to notice, hearing was held on the Motion to Avoid Judgement Lien by Debtor Sharon Yawn, with objection by judgment creditor Amanda Lawson. There being no nonexempt property to which the lien can attach, the objection is overruled and the Motion granted.

A debtor may avoid a judgment lien that impairs exemptions to which the debtor would otherwise be entitled. 11 U.S.C. § 522(f). Here, Yawn owns no real property, and she claimed all her personal property as exempt. (Schs. A, B, C, ECF No. 1 at 9-14.) No objections were filed to the claimed exemptions, and the time for objections has run. (<u>See</u> Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines, ECF

No. 5 at 1.) There is no nonexempt property to which Lawson's $250,000 lien can attach.

Lawson argued that the Motion should be denied because it was not specific as to the property claimed as exempt and that in any event, she can enforce the judgment post-discharge against after acquired property, including the Debtor's wages. But Yawn's schedules were quite specific. Her Schedule B listed and described all her personal property. Her Schedule C, which listed all property claimed as exempt and the bases for the claims of exemption, included all the property set forth on Schedule B. Yawn's unrebutted testimony at hearing was that she timely exempted all her interests in all property as of the date of the filing of the case.

Upon entry of a discharge, creditors are barred from attempting to collect a prepetition debt "as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). Here, there is no issue as to the dischargeability of the underlying debt. No objection to discharge or to the dischargeability of certain debts has been filed, and the time for any such objections has run. (See Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines, ECF No. 5 at 1.) Upon entry of the discharge, Yawn will no longer be personally liable for prepetition debts, and the discharge injunction under § 524 will prohibit creditors from attempting to collect from her.

As I have previously held, this prohibition includes any attempt by a creditor to enforce a prepetition judgment lien that has been avoided under § 522(f). In re Marshall, 204 B.R. 838 (Bankr. S.D. Ga. 1997); see also Jarrett v. Ohio Dept. of Taxation (In re Jarrett), 293 B.R. 127, 132 (Bankr. N.D. Ohio 2002) ("[W]hen a creditor seeks to renew a prepetition lien so as to bring within the lien's scope property acquired by a debtor postpetition (a.k.a. after acquired property), courts uniformly find that a violation of the discharge injunction of § 524 has occurred.").

"[A] lien cannot be created in the absence of an underlying obligation." Id. Because the affixing of a creditor's lien against a debtor's property is based upon the existence of a debt as the personal liability of the debtor, once the personal liability is extinguished, the lien "does not survive the discharge, does not affix [to] and cannot affect the after acquired property." In re Marshall, 204 B.R. at 840.

Here, upon the filing of the chapter 7 case and the approval of this Motion as to prefiling assets, Lawson's judgment lien no longer affixes to any property. Upon entry of the discharge order, no debt will exist as the personal liability of the Debtor from which a post-petition lien can arise. A lien therefore cannot arise and affix to any after acquired property, including Yawn's future wages.

AO 72A
(Rev. 8/82)

3

**IT IS THEREFORE ORDERED** that the objection is **OVERRULED**; and

**FURTHER ORDERED** that the judgment lien of Amanda Lawson is avoided and extinguished pursuant to 11 U.S.C. § 522(f).

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 18 day of August, 2015.